IN THE UNITED STATE DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

NANETTE PARR, an individual

       Plaintiff,

v.

T-MOBILE USA, Inc. and
I.C.SYSTEM, INC.

       Defendants.

)
)
)
)
)
)
)
)
)
)

2014 NOV -7  A II: 20

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CASE NUMBER: 3:14-CV-1142-WHA-TFM

JURY DEMANDED BY PLAINTIFF

## COMPLAINT

**COMES NOW** Nanette Parr, (hereinafter "Plaintiff"), by and through her undersigned

counsel, and states as follows:

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of state law violations and out

of the invasions of Plaintiff's personal and financial privacy by the Defendant and its

agents in their illegal efforts to collect a consumer debt from Plaintiff.

2.     Congress found it necessary to pass the FDCPA due to rampant abusive practices by

dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and

declaration of purpose" and it states as follows:

    (a)    There is **abundant evidence** of the use of abusive, deceptive, and unfair debt
collection practices by many debt collectors. **Abusive debt collection
practices contribute** to the number of personal bankruptcies, to marital
instability, to the loss of jobs, and **to invasions of individual privacy**.

    (b)    Existing laws and procedures for redressing these injuries are inadequate to
protect consumers.

    (c)    **Means other than** misrepresentation or other **abusive debt collection
practices are available for the effective collection of debts**.

    (d)    Abusive debt collection practices are carried on to a substantial extent in
interstate commerce and through means and instrumentalities of such
commerce. Even where abusive debt collections practices are purely intrastate
in character, they nevertheless directly affect interstate commerce.

-1-

(e)     It is the **purpose** of this title **to eliminate abusive debt collection practices** by debt collectors, **to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## PARTIES

3.     Plaintiff is a natural person whose principal residence is Opelika, Alabama, located within the Middle District of Alabama.

4.     Defendant T-Mobile USA, Inc. (hereinafter individually "T-Mobile" or jointly as "Defendants"), is an incorporated entity who conducts business in the State of Alabama.

5.     Defendant I.C. System, Inc. (hereinafter individually "I.C. System" or jointly as "Defendants") is a debt collection firm that engages in the business of debt collection, who conducts business in the State of Alabama.

## FACTUAL ALLEGATIONS

6.     Plaintiff incurred a financial obligation to T-Mobile USA, Inc. that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.     On or about October 15, 2012, Plaintiff paid $238.04 in full and final payment on the account. This amount was delivered and accepted by T-Mobile USA, Inc. in full accord and satisfaction of the check. (See Exhibit "A").

8.     Based on information and belief, on a date between October 15, 2012 and August 9, 2013, T-Mobile USA, Inc. sold its alleged debt to I.C. System, Inc.

9.      On or about November 8, 2013, I.C. System sent a collection letter on the above referenced debt. This letter violated the FDCPA by attempting to collect on a debt the Plaintiff does not owe.  (See Exhibit "B").

10.     Plaintiff does not owe any money to the Defendants.

11.     By paying $238.04 in full and final payment on the account, the Defendants knew or should have known that the Plaintiff does not owe anything further on this satisfied debt.

12.     The Defendants have decided, in a calculated decision, to continue to collect against Plaintiff on a debt Plaintiff does not owe.

13.     The purpose of the Defendants in continuing to collect against Plaintiff is to harass, annoy, abuse, or oppress Plaintiff.

14.     The Defendants have been successful as their actions have annoyed, harassed, abused, and/or oppressed Plaintiff.

15.     T-Mobile has damaged the Plaintiff's credit by falsely reporting that she still owes the debt on her credit report.  The Plaintiff has suffered damage to her credit.

16.     The Defendants have failed to give Plaintiff all required notices and disclosures.

17.     Between approximately October 30, 2012 and present, Defendants have repeatedly and willfully placed calls to the Plaintiff's personal cellular telephone number in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). (See Exhibit "D").

18.     I.C. System is a debt collectors under 15 U.S.C. § 1692a(6).

## SUMMARY

19.    All the above-described collection communications made to Plaintiff by I.C. System and collection agents of I.C. System were made in violation of the FDCPA.

20.    I.C. System violated numerous sections of the FDCPA, including, but not limited to: 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g.

21.    The above detailed conduct by the I.C.System of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

22.    The above detailed conduct by I.C.System reflects its knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof that the Defendant willfully, maliciously, recklessly, and/or negligently undertook their actions and it was successful in causing the harm to the Plaintiff that the Defendant wanted to cause.

23.    The collection activities by I.C. System and its agents caused Plaintiff stress and anguish.

24.    I.C. System's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

25.    Plaintiff has suffered actual damages as result of these illegal collection communications by the Defendants in the form of monetary loss, anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified

and abusive invasions of personal privacy, which was due to the illegal conduct of the Defendants.

26. The only way that abusive debt collectors like I.C. System will stop their abusive practices toward consumers is by a jury verdict fully compensating Plaintiff for the harm done to Plaintiff and by a punitive damage award.

27. A punitive damage award will get the attention of I.C. System and other abusive debt collectors so that they will realize that it no longer makes economic sense to abuse consumers and to gain unfair competitive advantage over honorable, law abiding collectors.

28. A full compensatory damage award and full punitive damage award will accomplish the goals of Congress in passing FDCPA – stop abusive collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate within the boundaries of the law.

## **RESPONDEAT SUPERIOR LIABILITY**

29. The acts and omissions of the Defendants' agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with the principals the Defendant.

30. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by the Defendants in collecting consumer debts.

31.   By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit the principals the Defendants.

32.   The Defendants are therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

33.   The Defendants negligently and/or wantonly and/or hired, retained, trained or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

34.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.   The acts and omissions of I.C. System and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff including but not limited to the following: 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.

36.     As a result of I.C. System's violations of the FDCPA, Plaintiff is entitled to statutory

damages; actual and compensatory damages; and reasonable attorney's fees, expenses

and costs from the Defendant, I.C. System.

## COUNT II.

## INVASION OF PRIVACY

37.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though

fully stated therein.

38.     Alabama law recognizes Plaintiff's right to be free from invasions of privacy and the

Defendant violated Alabama state law as described in this Complaint.

39.     Congress explicitly recognized a consumer's inherent right to privacy in collection

matters in passing the Fair Debt Collection Practices Act, when it stated as part of its

findings:

> **Abusive debt collection practices contribute** to the number of personal
> bankruptcies, to marital instabilities, to the loss of jobs, and **to invasions**
> **of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

40.     Congress further recognized a consumer's right to privacy in financial data in passing

the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data

for a broad range of "financial institutions" including debt collectors (albeit without a

private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an**
> **affirmative and continuing obligation to respect the privacy of its**
> **customers** and to protect the security and confidentiality of those
> customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

41.     The Defendants and/or their agents intentionally, recklessly, and/or negligently
        interfered, physically or otherwise, with the solitude, seclusion and or private concerns
        or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a
        debt and thereby invaded Plaintiff's privacy.

42.     The Defendants and/or their agents intentionally, recklessly, and/or negligently caused
        emotional harm to Plaintiff by engaging in highly offensive conduct in the course of
        collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

43.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion,
        private concerns or affairs, and private financial information.

44.     The conduct of the Defendants and their agents, in engaging in the above-described
        illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions
        of privacy by the Defendant which occurred in a way that would be highly offensive to
        a reasonable person in that position.

45.     The conduct of the Defendants went beyond the bounds of reasonableness in the
        collection of the alleged debt for all the reasons asserted in this Complaint and based
        upon the evidence which will be presented at trial.

46.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual
        damages in an amount to be determined at trial from the Defendants.

47.     All acts of the Defendants and their agents and/or employees were committed with
        malice, intent, wantonness, and/or recklessness and as such the Defendants are subject
        to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

48.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

49.   The Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

50.   Had the Defendants hired competent debt collectors, the violations described in this Complaint would not have occurred.

51.   Had the Defendants properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred

52.   The Defendants carried out its hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

53.   The Defendants knew that the actions they were taking against the Plaintiff would likely cause the exact type of injuries and damages that Plaintiff suffered at the hands of the Defendants.

54.   The Plaintiff request actual damages and punitive damages for the negligent and/or wanton supervision of incompetent debt collectors.

## COUNT VI.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

55. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

56. The Defendants owe a duty to anyone they come into contact with to act reasonably so as to not unreasonably cause harm.

57. The Defendants owe a duty to consumers against whom they are collecting to act reasonably.

58. All of the actions described in this Complaint demonstrate that the Defendants did not act reasonably towards the Plaintiff.

59. The Defendants proximately caused injuries and damages to Plaintiff which were of the precise nature that the Defendants anticipated causing when they breached their duty to act reasonably.

60. The Defendants knew, or should have known, that their conduct was likely to lead to the Plaintiff's injuries yet they acted despite this knowledge.

61. The Defendants acted with full knowledge and with the design and intent to cause harm to Plaintiff.

62. The Defendants were successful in their design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of the Defendants when dealing with consumers who do not pay debts that the Defendants allege are owed.

63. The Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

64.    The Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

65.    It was foreseeable, and the Defendants did in fact foresee that their actions would lead and did lead to the exact type of harm suffered by Plaintiff.

66.    The Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

67.    The Defendants invaded the privacy of Plaintiff as set forth in Alabama law.

68.    Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this Complaint.

69.    As a result of this conduct, action, and inaction of the Defendants, Plaintiff has suffered damage as set forth in this Complaint, and is entitled to actual and punitive damages.

## COUNT VII

## TELEPHONE CONSUMER PROTECTION ACT

70.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

71.    At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the Telephone Consumer Protection Act (TCPA) 47 U.S.C. §153(39) and a subscriber to cellular telephone services within the United States.

72.    At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

73.     The Federal Communications Commission (FCC) was given the authority to issue

orders implementing the TCPA.  The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the
> usual course of business showing such consent, such as purchase
> agreements, sales slips, and credit applications.  Should a question
> arise as to whether express consent was provided, the burden will
> be on the creditor to show it obtained the necessary prior express
> consent.  Similarly, a creditor on whose behalf an autodialed or
> prerecorded message call is made to a wireless number bears the
> responsibility for any violation of the Commission's rules.  Calls
> placed by a third party collector on behalf of that creditor are
> treated as if the creditor itself placed the call.
>
> *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23
> FCC Rcd 559, 565 (F.C.C.2007), paragraph 10. (Footnotes
> omitted).

74.     The Seventh Circuit has ruled that due to the Hobbs Act, the FCC Order, cannot be

challenged in the District Courts.  *CE Design, Ltd. V. Prism Bus. Media, Inc.*, 606 F.3d

443 (7th Cir. Ill. 2010).

75.     Within the past two years immediately preceding the filing of this lawsuit, Defendants

and their agents telephoned the Plaintiff's cellular telephone on numerous occasions in

violation of the TCPA.

76.     Without Plaintiff's prior express consent, Defendants and their collectors and agents

repeatedly used an automatic telephone dialing system to call Plaintiff's cellular

telephone in an attempt to collect this debt, at least twenty times over the past two years.

77.     All calls and messages were sent in willful violation of the TCPA and the FDCPA

because Defendants never obtained the Plaintiff's prior express consent, and had no

basis to believe that they had the Plaintiff's prior express consent.

78.    The Defendants' actions as described herein left the Plaintiff feeling helpless and

victimized, as she was unable to stop the persistent and intrusive telephoning by the

Defendants.

79.    The Defendants' persistent autodialed calls eliminated the Plaintiff's right to be left

alone.

80.    These autodialed collection calls disrupted the Plaintiff's work and privacy.

81.    These persistent autodialed collection calls eliminated the peace and solitude that the

Plaintiff would have otherwise had.

82.    Defendants' actions constituted unauthorized use of, and interference with the

Plaintiff's cellular telephone service associated with the number (334) 275-0010 for

which the Plaintiff paid money.

83.    The Defendants' calls to the Plaintiff's cellular telephone service using an automatic

telephone dialing system is in violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), and

47 C.F.R. 64.1200(a)(1)(iii).

84.    The acts and or omissions of Defendants at all times material and relevant hereto, as

described in this complaint, were done unfairly, unlawfully, intentionally, deceptively

and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

85.    As a causally-direct and legally proximate result of the above violations of the TCPA

and the C.F.R., Defendants at all times material and relevant hereto, as described in this

Complaint, caused Plaintiff to sustain damages.

86.    Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages

under the TCPA of $500.00 per telephone call made to Plaintiff.

87.     The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is
        entitled to $1,500.00 per telephone call made to Plaintiff pursuant to 47 U.S.C. Section
        227(b)(3).

88.     Plaintiff is entitled to injunctive relief prohibiting the Defendant from contacting the
        Plaintiff on her cellular telephone using an automated dialing system pursuant to the 47
        U.S.C. Section 227(b)(3)(a).

## PRAYER FOR RELIEF

        **WHEREFORE**, Plaintiff prays that judgment be entered against all Defendants for all
damages allowable (including statutory, actual, compensatory, injunctive, nominal and punitive),
costs, expenses, fees, attorney fees, injunctive relief to prevent further violations, and for such
other and further relief as may be just and proper.

        Done this the 7th day of November, 2014.

                                        /s/ Charles M. Ingrum, Jr.
                                        Charles M. Ingrum, Jr. (ING-028)
                                        Attorney for the Plaintiff
                                        P.O. Box 229
                                        Opelika, AL  36803
                                        (334) 745-3333
                                        FAX (334) 745-3155
                                        cmi2@irplaw.com

## PLAINTIFF DEMANDS TRIAL BY JURY

## DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS

**T-Mobile USA, Inc.**
**c/o CSC Lawyers Incorporating Service, Inc.**
**150 South Perry Street**
**Montgomery, AL 36104**

**I.C. System, Inc.**
**c/o CT Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, AL 36104**